

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2009

# Miguel A. Lopez v. Jeffrey Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3699

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Miguel A. Lopez v. Jeffrey Beard" (2009). *2009 Decisions.* Paper 1170.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1170

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3699

_____

MIGUEL A. LOPEZ,

Appellant

v.

JEFFREY A. BEARD, PH.D., Secretary of Corrections; WILLIAM S.
STICKMAN, Deputy Secretary of Corrections; GERALD L. ROZUM,
Superintendent, SCI Somerset; TOM PAPUGA, Captain, SCI Somerset;
DAVID CLIPPINGER, Lt. Shift Commander; RICARDO ALVAREZ,
Correctional Officer; CINDY WATSON, Chief Grievance Officer

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 08-cv-00120)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 18, 2009
Before: BARRY, SMITH and GARTH, Circuit Judges

(Opinion filed: June 18, 2009 )

_____

OPINION

_____

PER CURIAM

Miguel Lopez, proceeding pro se, appeals from the District Court's dismissal of

his complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim on which relief

could be granted.  For the reasons that follow, we will affirm.

Lopez filed a complaint and an amended complaint in the United States District Court for the Western District of Pennsylvania on June 2, 2008.  He named as defendants Jeffrey A. Beard, Secretary of Corrections, William S. Stickman, Deputy Secretary of Corrections, Gerald L. Rozum, Superintendent, S.C.I. Somerset, Tom Papuga, Captain, S.C.I. Somerset, David Clippinger, Lieutenant Shift Commander, S.C.I. Somerset, Ricardo Alvarez, Correctional Officer, S.C.I. Somerset, and Cindy G. Watson, Chief Grievance Officer for the Pennsylvania Department of Corrections at Camp Hill, Pennsylvania.

In his complaints, he alleged that he has full-blown HIV/AIDS, and that this fact was well known to prison officials and his fellow inmates.  He stated that on October 23, 2004, Captain Papuga denied his mother and brother a contact visit with him, forcing him to have a non-contact visit instead.  He claimed that this denial was based on his having HIV/AIDS.  He further alleged that on March 15, 2008, his sister and brother-in-law were denied entrance and a visit with him by Officer Alvarez and Lieutenant Clippinger, who informed him – erroneously, it appears – that they were not on his approved visitors' list. He also alleged that on several occasions, individuals who were not named as defendants in his complaint made disparaging statements about his medical condition.  (Compl. ¶¶ 8, 15.)  Based on these allegations, Lopez claimed that defendants violated his rights under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Eighth and

Fourteenth Amendments of the U.S. Constitution. He claimed that he suffered irreparable harm to his mental and emotional well-being, that his medical condition worsened as a direct result of defendants' acts, and that he feared that, due to his disease, he might not have another opportunity to visit with his family.

In his Report & Recommendation, the Magistrate Judge recommended that Appellant's claims against four of the defendants be dismissed, as he failed to allege that Secretary Beard, Deputy Secretary Stickman, Superintendent Rozum and Chief Grievance Officer Watson had any personal involvement in the denials of either the visit or contact visit. The Magistrate Judge then noted that while Lopez had alleged personal involvement by the remaining defendants, his claims of denial of visitation did not rise to the level of a constitutional violation, and he failed to allege physical injury in support of his claim for compensatory damages based on his emotional distress. With respect to his claim that the denials of visitation violated his rights under the Americans with Disabilities Act ("ADA"), the Magistrate Judge held that Appellant failed to demonstrate the requisite nexus between the denials of visitation and his disability. Specifically, the Magistrate Judge explained: "Examining the many pages of documents plaintiff has submitted in support of his complaint, even accepting plaintiff's allegations as true, it is not plausible that defendants' actions can be construed as discriminating against him because of a disability. Plaintiff alleges two incidents involving different defendants who made different mistakes involving visitation procedures more than three years apart, and

3

the actions bear no conceivable relationship to any animus toward persons with AIDS."

Appellant filed objections to the Magistrate Judge's Report & Recommendation, arguing that his complaint should not be dismissed without giving him an opportunity to amend. In response, the District Court permitted him to file an amended complaint in which he alleged that he was deliberately denied contact with family members on October 23, 2004 "in retaliation and discrimination of plaintiff being HIV-AIDS positive and having a history of problems with staff, including the filing of numerous complaints against staff." He contested Superintendent Rozum's response to his grievance indicating that he had a no-contact visit remark on his record for a prior misconduct and concluded that it could not be considered merely an error in light of other unspecified "prejudice, discrimination and retaliation." The only specific claim he made with respect to any individually named defendant was that Correctional Officer Alvarez made "belittling and discriminating remarks and gestures about plaintiff to his then-girlfriend" and altered his approved visitors list, thus preventing his sister and brother-in-law from visiting him. He asserted that the prison officials' grievance responses were falsified in an attempt to cover up their bad acts. The District Court dismissed his retaliation claim as frivolous, dismissed his amended complaint for failure to state a claim on which relief could be granted, and otherwise adopted the Magistrate Judge's Report & Recommendation as the opinion of the Court. Lopez timely appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of

4

review is plenary.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

When reviewing a complaint dismissed under § 1915(e)(2)(B), we apply the same

standard provided for in Federal Rule of Civil Procedure 12(b)(6).  See id.; see also Kay

v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  In determining whether a district

court properly dismissed a complaint under Rule 12(b)(6), we are required to "accept all

factual allegations as true, construe the complaint in the light most favorable to the

plaintiff, and determine whether, under any reasonable reading of the complaint, the

plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233

(3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir.

2002)).  At this stage, "a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, __

U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 556 (2007)); see also Phillips, 515 F.3d at 234 ("'a claim requires a complaint with

enough factual matter (taken as true) to suggest' the required element").  "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is

entitled to relief.'"  Iqbal, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

What Lopez has alleged in his complaint and amended complaints are theories and

5

conclusions, not facts. While Lopez claims that he has been subject to "prejudice, discrimination and retaliation" at the hands of certain defendants, and that Officer Alvarez made "belittling and discriminating remarks and gestures about plaintiff to his then-girlfriend," he does not offer any specifics about these alleged incidents which would permit a court to reach the conclusion that they were discriminatory. See Iqbal, 129 S. Ct. at 1952 ("He would need to allege more by way of factual content to 'nudg[e]' his claim of purposeful discrimination 'across the line from conceivable to plausible.'"). Accordingly, we agree that the District Court properly dismissed his claims of violations of his rights under the First, Eighth and Fourteenth Amendments of the U.S. Constitution and Title II of the ADA for failure to state a claim.[1]

---

[1]To state a First Amendment retaliation claim, an inmate must show that: (i) he engaged in constitutionally protected conduct; (ii) an adverse action was taken by prison officials "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;'" and (iii) there was a causal relationship between the two. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). To state an Eighth Amendment violation, he must allege that prison officials acted with deliberate indifference that deprived him of "'the minimal civilized measure of life's necessities.'" Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1991). To demonstrate a denial of equal protection, he must show that he has been arbitrarily treated differently than similarly situated inmates, and this difference in treatment bears no rational relation to any legitimate penological interest. See Wilson v. Schillinger, 761 F.2d 921, 929 (3d Cir. 1985). To establish a violation of Title II of the ADA, an inmate must allege that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. See 42 U.S.C. § 12132; Robertson v. Los Animas County Sheriff's Dep't, 500 F.3d 1185, 1193 (10th Cir. 2007). We agree with the District Court that two scattered denials of visitation do not rise to the level of cruel and unusual punishment under the Eighth

6

Based on the foregoing, we will affirm the judgment of the District Court.

---

Amendment and that Lopez has failed to set forth facts that could give rise to a "plausible inference" of discrimination, as required by his remaining causes of action.